BEA, Circuit Judge,
concurring:
I concur in full in Judge Sehroeder’s opinion. Nevertheless, I write separately because I would find that much of Green-way’s ineffective assistance of counsel claim' based on trial counsel’s failure to challenge and remove a biased juror was not fairly—or at all—presented in any state court proceeding, and is therefore procedurally barred by Greenway’s failure to exhaust his state court remedies. Furthermore, that waiver is not excused under the very narrow exception recognized in Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012) (holding that a defendant’s failure to raise a claim of ineffectiveness as to trial counsel in state court post-conviction proceedings may be excused where the defendant’s counsel in the “initial-review collateral proceedings” was himself ineffective). Our review, as a federal habeas court, is therefore limited to those arguments that were properly presented to the Arizona Superi- or Court.
As detailed in the Court’s opinion, Greenway was sentenced to death after a jury found him guilty of murder, burglary, armed robbery, theft by control, and arson. See State v. Greenway, 170 Ariz. 155, 823 P.2d 22, 26 (1991). On direct appeal, Greenway challenged the judge’s imposition of the death penalty and alleged a number of counts of ineffective assistance of counsel (“IAC”) during the sentencing proceedings. These claims were all rejected on their merits. Id. at 40.
Greenway later discovered that one of the members of his jury, Virginia Coker (“Juror Coker”), had been the victim of a home break-in and sexual assault by knife point in the early 1980s. See State v. Hauss, 142 Ariz. 159, 160, 160-61, 166, 688 P.2d 1051 (Ct. App. 1984). In fact, Juror Coker had testified against her assailant at *683 his trial. Juror Coker failed to disclose this information during voir dire in Greenway’s case, despite clear questions from the trial court judge as to whether any venire member had ever “been a witness” or “come to Court and testified in a criminal case?” In 1994, approximately five years after Greenway’s trial, Juror Coker signed an affidavit admitting that she had failed to disclose her status as the victim of a violent crime during voir dire (the “Affidavit”).[1]
In August 1992, Greenway commenced collateral proceedings for post-conviction relief in Arizona Superior Court. These proceedings continued into 1996,[2] yet at no point did Greenway raise a claim of IAC based on Coker’s falsities in his petition for post-conviction relief. Sometime after filing his initial petition, Greenway acquired new counsel, Carla Ryan (“Ryan”). In August 1996, Ryan filed an Addendum to Greenway’s petition for post-conviction relief (the “Addendum”) to state the factual bases for Greenway’s new claims of IAC at trial and on direct appeal. The Addendum lists, largely in bullet-point form, the dozens of ways in which trial and direct appeal counsel were allegedly ineffective. Both before and at the time she filed the Addendum, Ryan had access to Coker’s 1994 Affidavit, yet Ryan failed to raise any IAC claim related to Juror Coker or juror bias in the Addendum.[3]
The Arizona Superior Court summarily dismissed all the claims in Greenway’s Addendum as procedurally barred under Arizona Rules of Criminal Procedure, Rule 32.2(a)(3).[4] Greenway petitioned for federal *684 habeas relief, and the district court held that the state court’s dismissal of Green-way’s petition for post-conviction relief pursuant to Rule 32.2(a)(3) constituted an independent and adequate state ground sufficient to support a finding of procedural default. We reversed. We reasoned, first, that Rule 32.2(a)(3) applied only when there had been a “prior post-conviction proceeding.” Greenway v. Schriro, 653 F.3d 790, 800 (9th Cir. 2011) (emphasis added). In Greenway’s case, there had been “no such prior post-conviction proceeding” because Greenway had been “trying to amend his first petition” for post-conviction relief when the state court judge summarily dismissed his claims. Id. Because Rule 32.2(a)(3) did not even apply, it was not an “independent and adequate” state court ground barring our review. Id. Second, we reasoned that, under Arizona Rules of Criminal Procedure, Rule 32.6(d), a defendant may amend a post-conviction petition for relief for “good cause.” Yet, notwithstanding this provision, the state court judge had failed to consider whether good cause existed in Greenway’s case.[5] Id-at 799. Thus, Rule 32.6(d) also did not bar our review of Greenway’s petition. Id. (citing to our prior decision in Scott v. Schriro, 567 F.3d 573 (9th Cir. 2009), where we held that “Rule 32.6(d) was not an adequate bar to federal review because the rule was not clear, well-established, nor consistently applied in Arizona”). Having concluded that the claims in Greenway’s Addendum were not barred, we remanded this case to the district court with instructions to review de novo the merits of those claims. Thus, our prior mandate limited the district court’s review (and, correspondingly, our own review on appeal) to those claims stated in the Addendum.
Our review is likewise limited by the exhaustion-of-state-remedies doctrine, See, e.g., Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (A petitioner is barred from raising for the first time in federal habeas proceedings arguments that do not arise out of the “same [factual] incident” as the claims presented to the state court or which “fundamentally alter the legal claim already considered by the state courts.” (internal quotation marks omitted)). In Dickens v. Ryan, 740 F.3d 1302 (9th Cir. 2014) (en banc), for example, we held that even a related, but more specific claim might be barred in federal collateral proceedings if it significantly strengthened the evidentiary posture of the petitioner’s state-court claim and thus fundamentally altered it. Id. at 1318. In Dickens, the petitioner had made only general allegations in the state court proceedings that “sentencing counsel did not effectively evaluate whether Dickens ‘suffered] from any medical or mental impairment.’ ” Id. at 1319. Then, for the first time on federal habeas review, Dickens offered evidence of “specific conditions” (Fetal Alcohol Syndrome and organic brain damage) in support of his IAC claim. Id. We concluded that Dicken’s “newly enhanced Strickland claim [was] procedurally barred” because the new factual predicate “substantially improved” the evidentiary posture of Dickens’ IAC claim. Id.
So here, Greenway’s current claim that trial counsel was ineffective in failing to take certain steps to prevent a biased juror (Juror Coker) from being empaneled was never “fairly presented” to the state court. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (“We emphasize that the federal claim must be fairly presented to the state courts.”). *685 Greenway’s state-court Addendum contains no mention of Juror Coker, of juror bias, or of counsel’s failure to ask specific questions during voir dire. In fact, the only statement in the Addendum related to Greenway’s current juror bias claim is that trial counsel’s failure to use a juror questionnaire was “questionable.” But the Addendum states no basis as to why that failure was “questionable,” much less that such failure rose to the level of ineffective assistance of counsel. Additionally, Green-way offers no excuse for his failure to present a juror bias claim in state court. Indeed, Greenway admits that he was aware of Juror Coker’s December 1994 Affidavit nearly two years before Ryan filed the August 1996 Addendum. Still, he did not argue that the missing questionnaire rendered counsel’s performance ineffective because it could have asked whether any venire member had been the victim of a violent or sex-related crime. Under Dickens, I would find that Greenway’s cursory criticism in his Addendum of the method of voir dire does not preserve Greenway’s factually distinct and far more specific claim that a biased juror was seated because trial counsel failed to ask the right substantive questions.
Nor may we overlook this default under Martinez, which permits a federal habeas court to excuse a defendant’s failure to exhaust state court remedies in initial post-conviction review proceedings if counsel in those collateral proceedings was ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012). Here, Martinez would apply only if Greenway can demonstrate that Ryan, his initial post-conviction review counsel, acted ineffectively in failing to raise an IAC claim as to trial counsel on the juror bias issue. Greenway did not even attempt to make this showing in his 99-page opening brief, which contained only the most cursory reference to Martinez. Indeed, Green-way specifically argued the opposite: that “Ryan fairly presented Greenway’s IAC claim and gave the state court an opportunity to decide the federal claim.” See United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005) (“[A]n issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief.”).
But even assuming Greenway has not waived his Martinez argument by failing to make it, I would find that Martinez’ “narrow exception” does not apply here. To prevail on a claim of IAC, Greenway would have to show that Ryan’s performance (1) fell below objective standards of reasonableness “outside the wide range of professionally competent assistance,” and (2) prejudiced him by creating “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding could have been different.” Strickland v. Washington, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Importantly, Greenway is not alleging a direct violation of his due process or Sixth Amendment right to an impartial jury. Rather, he is alleging that trial counsel’s failure to take certain steps that, arguendo, would have revealed Juror Coker’s bias (thereby preventing a constitutional violation) rendered trial counsel’s representation ineffective. For the reasons described in Judge Schroeder’s opinion, however, this claim is predicated on multiple layers of speculation. A reasonable attorney in Ryan’s position could therefore have concluded that it lacked merit; thus Ryan was not ineffective in failing to raise it. Thus, Martinez does not apply to excuse Greenway’s failure to exhaust his state-court remedies.
In sum, I would find that Greenway has waived any claim of juror bias based on *686 trial counsel’s failure to ask certain questions that allegedly would have prevented Juror Coker from being seated on Green-way’s jury.

. Though Ae record is not entirely clear, it appears that it was Greenway’s counsel who discovered this information and obtained the Affidavit from Coker in December 1994, meaning that Greenway had access to, and was aware of, Ae Affidavit as of December 1994. See infra, n.2.

. We previously summarized the timeline of Greenway's post-conviction proceedings as follows:
Greenway filed his pro se preliminary petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure ("Rule 32 petition”) in state court in August 1992. Judge Scholl appointed counsel and ordered counsel to file an amended petition by February 1, 1993. Counsel then filed a short, untimely petition raising only one issue of ineffective assistance of counsel at sentencing, and Greenway asked for a change of counsel Aat his attorney did not oppose. No further pleadings or proof were entered by counsel pending the change of counsel ruling. The trial judge, however, in January 1994, summarily denied the post-conviction petition in a minute order, wiA-out ruling on the request for change of counsel. The trial court subsequently granted Greenway's motion to proceed in propria persona and allowed him to file a motion for reconsideration.... [¶]
The case was reassigned to a different judge in January 1996. Greenway Aen filed the motion with Ae trial court seeking reconsideration of its denial of his post-conviction petition.... [and] leave to amend....”
Greenway v. Schriro, 653 F.3d 790, 795-96 (9th Cir. 2011).

. Though the precise timeline is not entirely clear from the record, Greenway admitted in the district court proceedings on remand from our 2011 disposition that he was aware of the Affidavit well before Ryan filed the Addendum. See Brief of Petitioner at 19 & n.24, Greenway v. Ryan, 2013 WL 6196293 (D. Ariz. Nov. 27, 2013) (No. CV-98-25-TUC-RCC), ECF No. 169 ("Juror Coker had been the victim of rape and sexual assault.... This information was discovered during Green-way's post-conviction proceedings when he was represented by the Arizona Capital Representation Project. Greenway's successor counsel, Carla Ryan, who ultimately filed a request to amend his post-conviction petition ... never included this information or a separate juror misconduct claim in the record.”).

. Rule 32.2(a)(3) .provides, "A defendant shall be precluded from [post-conviction] relief under Ais rule based upon any ground.... [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding.” Ariz. R. Crim. P. 32.2(a)(3).

. Rule 32.6(d) provides, "After the filing of a post-conviction relief petition, no amendments shall be permitted except by leave of court upon a showing of good cause.” Ariz. R. Crim. P. 32.6(d).